IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | |
| ALPHA PROTECTIVE SERVICES, INC., | : | Case No. 12-70482 |
| Debtor. | : | Chapter 7 |

| | | |
|---|---|---|
| NEIL C. GORDON, as Trustee in Bankruptcy | : | |
| for Alpha Protective Services, Inc., | : | |
| Plaintiff, | : | |
| v. | : | Adversary Proceeding |
| | : | No. 14-07019 |
| JAMES LEE HARRISON; | : | |
| HARRISON MANAGEMENT AND | : | |
| CONSULTING GROUP, LLC; and GARY | : | |
| HARRISON, as an alter-ego of Harrison | : | |
| Management Group, LLC, or as Immediate | : | |
| Transferee under Harrison Management | : | |
| Group, LLC, | : | |
| Defendants. | | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION
TO ALTER OR AMEND THE COURT'S ORDER ON
PLAINTIFF'S MOTION TO RESCHEDULE HEARING ON
MOTION FOR JUDGMENT ON THE PLEADINGS AND
TO EXTEND TIME FOR COMPLETION OF RULE 16
MATTERS SO THAT IT SHALL BE RULED ON AT THE
SAME TIME THAT THE MOTION FOR JUDGMENT ON THE
PLEADINGS IS RULED ON, OR THE MOTION FOR JUDGMENT
ON THE PLEADINGS BE OVERRULED AS UNTIMELY**

COMES NOW Neil C. Gordon, as Trustee (herein "Trustee"), through counsel, Fife M. Whiteside (herein "Special Counsel"), and makes the within Memorandum in Support of Plaintiff's Motion to Alter or Amend the Court's Order on Plaintiff's Motion to Reschedule Hearing on Motion for Judgment on the Pleadings and to Extend Time for Completion of Rule 16 Matters (Docket No. 35), and says the following.

*Introduction*

In a classic case of "I-gotcha" lawyering, Defendants' argue a construction of a scheduling order that precludes consideration of a pending motion without consideration of the motion's merits. This construction is of a non-final order regulating the procedures in this Adversary Proceeding. The Court has the inherent power to alter or rescind its own non-final order. Trustee requests that the Court exercise that power to alter that order so that all matters, including the Rule 16 extension, can be taken up at one time.

*Factual background*

As derived from the pleadings, the Complaint, taken as true, Defendant Gary Harrison was a 50% shareholder in Debtor in 2007 and had a falling out with the other 50% shareholder, Jeffrey Brinson.  Litigation ensued and a settlement was made that involved an agreement for Jeffrey Brinson to acquire Harrison's interest in the Debtor through a note paid by the Debtor.  This is a classic fraud, and rendered the Debtor unable to pay its bills going forward.  Payments were made on that arrangement until a few weeks prior to case filing.  Trustee sued to recover the payment made in 2007 as fraudulent and, alternatively, all subsequent payments as preferential.

***Procedural History of this Adversary Proceeding***

The instant adversary proceeding was filed on April 1, 2014 (Docket No. 1).

The Defendants, James Lee Harrison, and his father, Gary Harrison, and Gary Harrison's wholly-owned company (herein "Defendants" or the "Harrisons"),  filed a single answer on May 8, 2014 (Docket No. 13).  The answer asserted, as an affirmative defense, that the Trustee's complaint failed to state a claim for which relief could be granted and so must be dismissed under R.Bankr. Pro. 7012, incorporating by reference Fed. R. Civ. Pro 12 (b)(5).

This defense was "boiler plate" language and is the same language verbatim contained in an the answer filed by Defendant's counsel Mark Gibson ("Gibson")  in response to the Trustee's preference claim in *Trustee v. Multiple Employee Group Federal Credit Union, et al.* (AP No. 14-07021), in which Gibson also represents the defendant.  The only detail given for why the Complaint was defective was the failure to allege facts establishing insolvency. The presumption of insolvency for ninety (90) day preferences was not addressed.

The Defendants also filed a Motion to Revoke the Reference ("MRR") and have the District Court take over the resolution of this adversary proceeding (Docket No. 15). The MRR was filed in the wrong Court. It should have been filed in District Court. It was sent to District Court. The District Court took up the MRR, and it was docketed in Docket No. 1 in *Alpha Protective Svcs., Inc., Neil Gordon, Trustee v. James Lee Harrison, et al.*, Case No. 7:14-NC-1 (HL), and the MRR was denied by Order of the District Court in that civil action file on September 25, 2014 (D.Ct. Case, Docket No. 7)

The Defendants' Answer contained a request that proceedings be stayed pending the resolution by the District Court of the MRR.

The Court conducted a preliminary pre-trial conference on June 30, 2014 (Docket Nos. 19, 20, 21).The Court determined that the stay requested by the Defendants should not be granted. Contrary to what the Defendants told the Court in the recent hearing on their Motion for Judgment on the Pleadings discussed below, they did not withdraw that request. The Court overruled it. Here is the text:[1]

> Unofficial transcript - Page 4
>
> *The Court:* All right. Now, there is also in the
> 11 response a request that pursuant to 50 -- Rule 5011(c) that any
> 12 action in this case be stayed pending that ruling. Now, that
> 13 Rule 5011(c), in spite of the fact that there's a reference to
> 14 it in the Defendants' response, does not give any grounds
> 15 It's specifically required to give the reasons and no reasons
> 16 are given but I believe that I understand from discussion that
> 17 we had the first time we would have the preliminary pretrial
> 18 conference in this case that the Defendants don't want any
> 19 Bankruptcy Court rulings to require them to have a ruling that
> 20 they would have to have the same -- achieve the same result
> 21 brief the same matter, get a different ruling from the District
> 22 Court if the request is granted.
> **23 I have a little -- if all I'm going to do is enter a**
> **24 scheduling order and say that Rule 16 matters and discovery**
> **25 shall be completed by a certain date and there'll be a**

---

[1] A transcript of this hearing was filed but is under embargo until January 13. 2015. This text is from an unofficial transcription provided to counsel by the official Court Reporter. Special Counsel has compared this transcript with the CourtSpeak record for that day and it apears to be correct.

-3-

Unofficial Transcript - Page 5

**1 telephone conference thereafter, I'm not sure that I understand**
**2 how that could in any way prejudice the Defendants. After all,**
3 if the stay is granted, you could ask for a different
4 scheduling over there but I would probably give you any period
5 of time that you reasonably ask for.
6 So I'm not sure that I understand. Unless you're
7 concerned about what judge would you call in the event he's had
8 some problems in a deposition, **I really don't know why we**
**9 shouldn't go ahead with the scheduling order and let you-all**
**10 start doing your discovery.**

*Emphasis added.*

Also, after the Court had indicated that it would not stay the adversary proceeding:

Unofficial Transcript - Page 5

20 *MR. WHITESIDE:* Your Honor, we have been doing a
21 hundred and twenty days in these cases and my suggestion here
22 would be that I'll agree that unless the – there's a long
23 delay in a ruling by the District Court, I won't really do
24 anything and what I thought we might do is run the hundred and
25 twenty days from the order of the District Court refusing to

Unofficial Transcript - Page 6
1 revoke the reference and then there would be another if the
2 reference is revoked in the District Court.
3 THE COURT: Okay. I'm not sure that I understand
4 that. You said a hundred and twenty days from when?
5 *MR. WHITESIDE:* The date -- if the District Court
6 judge does not revoke the reference and the case stays here,
7 then I would suggest that we ran a hundred and twenty days from
8 the date that the District Court judge entered that order. If
9 he, on the other hand, revokes the reference, then there would
10 be a need for another Rule 16 order in Federal District Court.
11 *THE COURT:* So you propose not to do anything until
12 you know whether the District Court is going to rule or not?
13 MR. WHITESIDE: I will if that's what they'd like.
14 *THE COURT: Well, I mean, they just said that they*
*15 didn't mind us entering a scheduling order. So I don't know*
*16 why we don't just agree on a period of time --*
*17 MR. WHITESIDE: Then a hundred and twenty days.*

> *18 THE COURT: -- and if -- pardon?*
> *19 MR. WHITESIDE: A hundred and twenty days.*
> 20 *THE COURT:* All right. If we can agree -- or if I
> 21 can order a period of time that you-all don't strenuously
> 22 disagree to -- disagree with, then when we have a telephone
> 23 conference after that, if the District Court still hasn't
> 24 acted, then we could talk about whether or not there would be a
> 25 stay to see until the District Court acts.
>
> Unofficial Transcript - Page 7
> 1 *MR. WHITESIDE:* Yes, sir.

*Emphasis added*.

Subsequently, the Court entered an Order scheduling a telephone status conference and Rule 16 deadlines on July 1, 2014 (Docket No. 25), attached hereto as Exhibit "A." This Order (herein "the Rule 16 Order") established certain deadlines. The deadlines were subject to extension by the Court "upon request." Deadlines were set for October 30, 2014.

One of the matters for which a deadline of October 30, 2014, was set was for the parties "to join other parties and to amend pleadings." Since this section of the Rule 16 Order did not require the filing of a motion or a hearing on the motion, the Trustee reads this as allowing, as timely, motions to join other parties under R.Bank.Pro. 7021, incorporating by reference Fed.R.Civ.Pro. 21, and to amend pleadings under R.BankPro. 7015, incorporating by reference Fed.R.Civ.Pro. 15, if filed by the deadline established, whether heard by then or not.

The Rule 16 Order also sets the same deadline, October 30, 2014, as the deadline "to file and *hear motions*," which the Trustee interprets to apply to pre-trial motions other than motions to add parties or amend pleadings. This would include motions to dismiss. This deadline is not met by merely "scheduling" a hearing within that time frame, as is the case with motions for leave to amend or motions to add parties. It is met by having the hearing conducted.

The Rule 16 Order also provides October 30, 2014 as the last date for completion of discovery.

Special Counsel served written discovery on the Defendants, by regular mail, on August 1, 2014. On consent of Special Counsel, obtained after the due date for responses, September 2, 2014, a Thursday, Defendants were granted an open-ended extension for response. Special Counsel did

not insist on a stipulation or order. The responses were served on September 22, 2014, a Monday by regular mail. The discovery responses were 500 pages or more.

The MRR was denied by Order of the District Court in that civil action file on September 25, 2014 (D.Ct. Case, Docket No. 7).

The Defendants conducted no discovery and undertook no other pre-trial activity, and did nothing in the case other than to file the MRR and to respond (late) to discovery, until September 30, 2014.

On September 30, 2014, eight (8) days after the tardy responses to discovery[2] and three (3) months after the Rule 16 Order, the Defendants filed a Motion for Judgment on the Pleadings (Docket No. 26) (herein "MJP"), which detailed *for the first time* the defects that the Defendants claim in the Trustee's complaint. While the Defendants could have had the failure to state a claim defense heard at the preliminary pre-trial conference, pursuant to R.Bankr.Pro. 12, incorporating by reference Fed. R.Civ.Pro. 12 (I), they strategically chose not to do so.

The motion was set for hearing on the very last day that a motion could be heard under the Rule 16 Order, October 30, 2014.

The MJP, which was not filed with a separate memorandum, was 38 pages long and contained extensive and copious citations to the pleadings in an effort to establish that the pleadings do not satisfy the requirements of Rule 8 as interpreted in *Iqbal*[3].

The Trustee's counsel immediately contacted counsel for the Plaintiff and requested an additional two (2) weeks to prepare a response, which was declined, immediately, on "instructions from the client."

On October 7, 2014, within a week of filing of the MJP, the Trustee filed, with the supporting memorandum, a Motion to Reschedule Hearing on Motion for Judgment on the Pleadings and to

---

[2] This is significant since the Defendants chief criticism of the Trustee's Complaint is that it failed to allege a factual bases for insolvency in 2007. The best evidence the Trustee now has for the allegations is financial statements provided with the discovery responses, just eight days prior to the service of the MJP.

[3] *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Extend Time for Completion of Rule 16 Matters (Docket No. 28) (herein "Motion for Additional Time"). This was set for hearing on October 16, 2014 and was taken up for hearing at that time.

At the October 16, 2014 hearing, the Defendants insisted on the original scheduling time and suggested that arguments might be conducted on October 30, 2014, and supplemental briefs be filed by the parties, if the Trustee felt that he could not properly brief it by that time. The Trustee observed that, if the Court did not extend the response date, the Trustee would be prepared to file some response by the day prior to the hearing, but that it might not be as instructive as it might be if now these were available.[4] The Court declined Defendants' suggestion and ordered that the hearing should be rescheduled and a time for response established.

The following are key quotes from that hearing.[5]

*(a) THE COURT:* Well, I thought it -- that -- from
 2 what you said, that what we should do is try to get a
 3 ruling on this motion with the understanding that if -- if
 4 the motion is denied, then it may very well be that both
 5 parties will want to do more discovery *and have more time*
 *6 for Rule 16 matters* and that we would take up that type of
 7 a scheduling at the time that we're talking -- at -- at or
 8 shortly after I rule on this motion so that if I deny it,
 9 then we would talk to counsel about "All right, well, what
 10 -- how should we have a scheduling order from this point
 11 forward?"; page 11 Unofficial Transcript;

*(b) MR GILBERT:* So this trustee seeks to modify the Rule 16 order, and
 23 as I read Rule 16, it can be modified only by a showing of
 24 good cause and with the Court's consent. And we don't
 25 think that the trustee has shown good cause. The trustee
 1 hasn't shown a diligent prosecution of the case or
 2 diligence in managing the discovery. The trustee, I think,
 3 concedes that he really didn't conduct discovery other than

---

[4] That response would have included a proposed amendment, just as the response that was filed did include MLA. See fn. 6 below.

[5] An expedited transcript was ordered for this hearing, but has not yet arived. In any case, this transcript, an official record, will be embargoed and not available for Court use for three months. To expedite the decision of this motion the Trustee ordered a transcription of the Court Speak audio tape by a Court reporter. This is not filed but excerpts are taken therefrom and can be verified from the "official transcript." The unofficial transcript has been supplied to Defendant's counsel and will be provided to the Court at or prior to the hearing.

    4  the written discovery.  So we just don't think that the
    5  trustee has met the threshold to show good cause; page 12-13, unofficial Transcript.
*c ) THE COURT:*  Okay.
 19  All right, gentlemen.  What -- what we have now is a
 20  situation where there is a motion that is primarily based
 21  on trying to apply the allegations in this case -- or
 22  trying to apply to the allegations in this case a couple of
 23  Supreme Court rulings and Eleventh Circuit rulings that
 24  have followed those Supreme Court rulings about pleadings
 25  that are pretty difficult issues that courts have been
        0015
  1  having to grapple with.  And I'm not -- I don't want to
  2  have the oral argument and then have briefs afterwards,
  3  unless that just couldn't be avoided.
  4  I would like to have the briefs beforehand and a
  5  chance to -- a chance to consider them and then have all
  6  that read at the time that we have oral arguments.  Now --
  7  so I am inclined to grant -- first, I'm inclined to take
  8  the Rule 60 matter -- Rule 16 matter extension under
  9  advisement.  I mean, it just -- or just continue that until
 10  we have a hearing, and so what -- I can rule on whether or
 11  not the case will dismissed at this point; ***then we will***
*** 12  revisit the matter of -- further Rule 16 matters, including***
*** 13  discovery.***  Unofficial Transcript p 14-15
(*d)  MR. GILBERT:*  Well, Judge, we appreciate you
 11  recognizing that the defendants are resisting this motion,
 12  but if the Court is inclined to give the trustee until
 13  November 14, we would like to have a response time.  Unofficial Transcript p 16;
*(e)  THE COURT:*  All right.  Well, that's what I'm
 15  going to do, then.  I'm going to -- to continue the Rule 60
 16  -- ***the Rule 16 part of this matter to be considered again***
*** 17  <u>at or shortly after</u> I rule on the motion to dismiss***.  And I
 18  will give the plaintiff through November the 14th to file
 19  its response brief.  And I will give the defendants through
 20  November the 21st to file any reply brief that they wish to
 21  file.  And so we'll try to close the -- the briefing, then,
 22  on November the 21st.   Unofficial Transcript p 16.

*Emphasis added.*

      The Court, thereafter, entered its "Order on Plaintiff's Motion to Reschedule Hearing on Motion for Judgment on the Pleadings and to Extend Time for Completion of Rule 16 Matters" (Docket No. 36) (herein "Rescheduling Order'). This is attached as Exhibit "B."

Under the terms of the Rescheduling Order, the Trustee was to respond to the MJP on November 14, 2014, and the Defendants would file a reply brief by November 21, 2014. Arguments would be conducted on November 24, 2014.

The date for response to the MJP was exactly two (2) weeks after the expiration of Rule 16 matters, and the hearing date established was twenty-four (24) days after the expiration of the Rule 16 deadlines.

The Rescheduling Order provided that the Court would "again consider a scheduling order to include discovery and **other Rule 16 matters** and would issue an order after conference with the counsel" (emphasis added). After the Court ruled, it specifically mentioned that a supplemental order, not yet then entered, would deal with "Rule 16 matters including discovery."

The Trustee filed a timely, and highly detailed, response, by which he dealt with each of the forty-eight (48) criticisms that the Defendants had made to the Plaintiff's Complaint by reference to the original pleadings and proposed attachments. The Defendants filed a Reply Brief, as anticipated by the Order, on November 21, 2014, prior to the originally scheduled November 24, 2014, hearing date.

The Trustee's response to the MJP was accompanied by a Motion for Leave to Amend (Docket No. 45) (herein "MLA"),[6] by which the Trustee offered proposed amendments to the original Complaint to deal with every single criticism made by the Defendants to the Complaint.

The Defendants do not seriously contend that the proposed amendment would not deal with each of the criticisms that they made to the Complaint, and they have not argued any specific

---

[6] Prior to the 11th Circuit opinion in *Wagner v. Daewoo Heavy Industries America Corp.*, 314 F.3d 541 (11th Cir 2002), the Trustee's entitlement to "one amendment" would not be an issue. In *Bank v. Pitt*, 928 F.2d 1108 (11th Cir 1991), the 11th Circuit held that, before any complaint could be dismissed for failure to state a claim, the plaintiff would be entitled to one amendment to cure the defect whether one had been requested or not. *Wagner* made that right to one amendment available only to pro se parties and represented parties who had "requested " the amendment.

After *Wagner*, a represented party had to make a request for an amendment to be entitled to one, but that request could be made other than by motion, as for example, in the response to the motion to dismiss itself. *Moore v. Mylan, Inc.*, 840 F.Supp. 1337, 1353 (N.D.Ga. 2012). In the instant case, the MLA was effectively incorporated by reference into the MJP.

criticism of the proposed Amended Complaint.[7] Essentially, by weak dispute, they conceded that the proposed Amendment would deal with all their criticisms of the Complaint, and this is why they are so vigorous in opposing it.

After the MLA was filed on November 14, 2014, a Friday, on the morning of November 17, 2014, a Monday, Mark Gilbert, counsel for the Defendants contacted Special Counsel for the Trustee and requested that the hearing date for the Motion to Dismiss and MLA be adjourned so as to allow the Defendants a sufficient opportunity to prepare a response for the MLA, and "argue it properly" (Affidavit of Whiteside).

Special Counsel agreed, subject to agreements by other attorneys representing other Defendants, that their Rule 16 periods should be extended so as to permit common discovery (such as of the Debtor's CEO or the Debtor's accountant - to be conducted). Special Counsel for the Trustee contacted counsel for other Defendants that day and secured those agreements. He also consulted with the Calendar Clerk who supplied an alternate later date. By e-mail, after having consulted his other counsel and the Calendar Clerk, that Monday afternoon, Special Counsel confirmed, with Mr. Gilbert and the Calendar Clerk, that the hearing date would be continued. Mr. Gilbert had suggested an Order, but the Court did not require one, so that it was done by agreement confirmed by e-mail (Affidavit of Whiteside).

---

[7] In the Defendants' Reply to Trustee's response to Motion for Judgment on the Pleadings (Docket No. 47), the Defendants raise no separate criticism of the proposed Amended Complaint. In their Response to the Trustee's Motion to Allow First Amendment to Complaint (Docket No. 48), at Section II, "Trustee's motion to allow first amendment to complaint should be denied," (B) "Trustee's proposed amendment is futile [etc]" at pgs. 3 and 4 of that response, the Defendants set up only two criticisms of the Amended Complaint.

First, Defendants say that the Trustee's reliance on the filed and unsatisfied federal tax lien, prior to June 25, 2007, should be disregarded because it was not mentioned on the proof of claim, which is simply a statement of a fact issue which may or may not be germane to a summary judgment motion.

Second, Defendants say that the financial statements provided in discovery by the Defendants, on their face, show solvency of the Debtor on August 10, 2006, but disregards the fact that that financial statement, when adjusted for the obligations created in the June 25, 2007 settlement, rendered the Debtor insolvent. Again, this is a statement of a fact issue.

Defendants also assert again that the examination testimony of the Debtor's CEO that it was insolvent in 2007 should be disregarded, and this again, is a statement of a fact issue.

On December 8, 2014, almost two (2) months after entry of the Rescheduling Order, and more than three (3) weeks after the agreement to adjourn the hearing on the Trustee's MLA at Defendants' request, the Defendants filed a response to the Trustee's MLA by which they raised, for the first time, that the Trustee's MLA was untimely, as made outside of Rule 16 scheduling, as established by the original Rule 16 Order, and that, since the Court's Rescheduling Order stated that the Court would take up the Trustee's request for extension of Rule 16 matters after it had ruled on the MTD, the MLA could not be heard and must be denied with hearing.

### *Cause for Alteration of the Rescheduling Order*

#### *Court's Intent is Not Reflected in the Rescheduling Order.*

The Defendants' construction of the Rescheduling Order, therefore, is that it effectively disallows the MLA permitting the Court to consider the merits.

A review of the CourtSpeak audio file for this hearing makes it clear that the Court did not intend to preclude a MLA (or any other Rule 16 matter) in entering the Rescheduling Order, and did not mean to have it have any substantive effect on the pleadings issues between the parties. For this reason alone, the Court should alter or amend the Order. As set forth above, when the Court, from the bench, provided its direction to the parties, it stated that the Motion to Extend would be taken up **"at or shortly after"** hearing on the MTD, indicating a clear intent that the Rescheduling Order was not meant to have the substantive effect the Defendants argue.

*The Order is contradictory as interpreted by the Defendants and puts them to an enormous unfair advantage.*

Unlike with amendments, it is required that other motions, such as a motion to dismiss or a motion for judgment on the pleadings, be filed **and heard** within the Rule 16 period. The Rescheduling Order, as written, did not extend the Rule 16 period but left that with the Court.

This is material since the Defendants contend that the Trustee must show due diligence in seeking a Rule 16 extension for his motion. They wish to excuse themselves of the same burden, for their MTD.[8]  They could have, for example, filed an earlier MTD or asked for a ruling on their

---

[8]Defendants cannot meet that burden, as they did nothing to advance their defense between the time of the scheduling conference and when they filed their MJP, other than to file their MRR, which was denied, and provide discovery responses which were late. They stated in their Response

Rule 12(b)(5) defense. Then Plaintiff could have, and would have, responded with a motion for leave to amend. They also could have requested that the Court order that Rule 16 matters be extended at least to allow for consideration of their motion. If they had the Trustee could have and would have requested that the Trustee be allowed to respond with an Amendment.

The Rescheduling Order, as interpreted by the Defendants, puts the Defendants at an unfair advantage since they would be given the benefit of a Rule 16 extension, without a showing of due diligence, but require the Trustee to establish due diligence to justify a Rule 16 extension in order to make a complete response, which would include a request for leave to make an amendment.[9]

Therefore, the Court should alter or amend its Order[10] so that the Motion to Extend Time would be heard and *at the same time* it rules on the MJP and the Trustee's MLA, rather than to defer ruling on extension of Rule 16 maters until thereafter. Otherwise, the Trustee's Motion for Additional Time, which the Court meant to hear, could not be heard and the Rescheduling Order would be given a substantive effect it was not meant to have been given. Alternatively if the Court determines not to enter such an order, the Court should disallow the Defendant's MJP as not timely heard, within the time allowed for rule 16 matters to be heard.[11]

---

to Trustee's Motion to Reschedule Hearing on Motion for Judgment on the Pleadings, <u>etc.</u>, (Docket No. 31, at ¶ 9, they explain their lack of activity (in taking discovery) by saying that the complaint and they were convinced the Trustee's Complaint would fail.

[9]  See FN 6 above. Eleventh Circuit authority is clear that Plaintiffs are ordinarily allowed to amend their complaints to avoid dismissal, in some cases, without even requesting leave.

[10]  The Trustee suspects, but does not know, that the Court will hear from Defendants that it is too late for it to alter or amend its own Order since the date before which the Defendants could object to the MLA under the Rule 16 Order was adjourned, at the request of the Defendants, to a date after appeals and corrective motions, like Rule 59 (e) were time barred. . This might be so if the Rescheduling Order were a final Order, but it is not. *See e.g., Fortran Group Intl. v. Tenet Hospital, Ltd.*, 543 F.Appx. 934, 936 (11th Cir 2013), an unpublished opinion with a persuasive but not binding, holding that the District Court could reconsider a non-final order at any time, citing authorities. *Compare Harper v. Lawrence Co. Alabama*, 592 F.3d 1227, 1231 (11th Cir 2010), dealing with rescission of an interlocutory order *with Hardin v. Hayes*, 52 F.3d 934, 938 (11th Cir 1995), dealing with amendment of an interlocutory judgment.

[11] Courts routinely hold that untimely heard dispositive motions must be denied. See *Illinois National Insurance v. R. Communications Inc.*, 2014 WL 5382271,*1 (N.D.Ga. 2014); In *In re*

*Relief Sought*

Trustee requests that (I) the Court's Rescheduling Order be amended to provide for the Court to rule on the Motion for Additional Time, and determine whether Rule 16 matters should be extended at the same time as it rules on the Defendant's MJP and the Trustee's MLA, or (ii) alternatively that the MJP be overruled as untimely.

Respectfully submitted this 7th day of January, 2015.

                                         */s/ Fife M. Whiteside*
                                         FIFE M. WHITESIDE
                                         Special Counsel for Trustee, Plaintiff
                                         Ga. State Bar No. 756025
                                         P. O. Box 5383
                                         Columbus, Georgia  31906
                                         706/320-1215
                                         whitesidef@mindspring.com

---

*Holloway*, 2013 Bankr.LEXIS 3259, (B.Ct. S.D.GA. 2013), cited by Defendants at hearing on MJP. <u>See also</u> *Enowonwu v. Fulton-Dekalb Hospital Authority*, 286 F. Appx. 586,595 (11th Cir. 2008),an unpublished opinion with a persuasive but not binding, holding that motion for summary judgment untimely under local rules should be overruled.